Joseph Wajer, Appellee, v. United States Brewing Company, Appellant.

Gen. No. 18,839.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed. Opinion filed January 13, 1914.

## Statement of the Case.

Action by Joseph Wajer against United States Brewing Company, a corporation, to recover for personal injuries sustained by plaintiff while in the employ of defendant as fireman in defendant's boiler room. Plaintiff's injuries resulted from falling into an uncovered ash pit beneath the boilers. From a judgment in favor of plaintiff for one thousand and fifty dollars and costs, defendant appeals.

GEORGE W. MILLER, for appellant.

JOHN W. SUTTON and MARTIN L. WILBORN, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 686*—*when employer not negligent in providing fireman in boiler room a safe place to work.* In an action by a fireman for injuries sustained by falling in an ash pit beneath defendant's boilers, the defendant being charged with negligence in not properly guarding the pit as required by section 4 of the Act of 1910 (R. S. ch. 48, ¶ 92, J. & A. ¶ 5389), in permitting the steam to escape in the room and allowing broken windows to permit the cold air to come in contact with the steam so as to cause it to con-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

dense, *held* that the evidence did not show the statute was violated and that the mere escape of steam did not render the boiler room an unsafe place to work.

2. MASTER AND SERVANT, § 561*—*admissibility of evidence.* Under a declaration charging employer with negligence in allowing steam to escape in the boiler room and in allowing window glass to remain broken so that cold air would cause the steam to rapidly condense, *held* that testimony as to the breaking of a "T" was erroneously admitted as no mention was made thereof in the declaration.

3. MASTER AND SERVANT, § 98*—*statute imposing duty to guard hatchways construed.* Section 4 of the Act of 1910 providing for the health, safety and comfort of employes (R. S. 1911, ch. 48, ¶ 92, J. & A. ¶ 5389) does not require hatchways to be fenced while in use, in addition to providing a covering therefor when not in use.

4. STATUTES, § 27*—*when defendant not required to plead the exception in a statute.* In an action based on section 4 of R. S. ch. 48, ¶ 92, J. & A. ¶ 5389, to recover for personal injuries resulting from falling into an open hatchway, defendant is not required to plead specially the exception mentioned in the statute.

5. MASTER AND SERVANT, § 302*—*when doctrine of assumption of risk inapplicable.* Doctrine of assumption of risk is not applicable where there has been a violation of a statute.